IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy Allen Hewitt, #303829, | ) C/A No. 0:09-1516-MBS-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| S.C. Dept. Of Corrections, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local
Civil Rule 73.02(B)(2) DSC. The plaintiff, Jeremy Allen Hewitt, ("Plaintiff"), proceeding *pro
se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff files this action *in forma
pauperis* under 28 U.S.C. § 1915.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been
made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915
and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).
This review has been conducted in light of the following precedents: Denton v. Hernandez,
504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,
404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995)
(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an
indigent litigant to commence an action in federal court without prepaying the
administrative costs of proceeding with the lawsuit. To protect against possible abuses of

PJG

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's

legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff, a prisoner proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections ("SCDC"). Plaintiff's claim reads:

> On 1/19/06 I was placed in the custody of the S.C. Dept. of Corrections, and became a ward of the state at that time. From 1/19/06 until 3/10/09 I was denied any dental care, to include cleanings, fillings, and/or general care.
>
> Dental hygentists (sic) recommend that a person have there (sic) teeth cleaned at least every six months, because failure to do so is unhygenic and can/will result in long term damage(s). My teeth were not cleaned for over 3 years, and as a result there of when they were cleaned the dentist Dr. Fuller told me there were deep stains on my teeth that would only come out with professional bleaching, as well as two cavitys (sic) that must be filled.
>
> Furthermore I suffered mental anguish by having people make fun of me due to the condition of my teeth, as well as felt less self-confident and more conservative in showing my teeth when I smiled.

(Compl., Docket Entry 1 at 3.)

In his prayer for relief, plaintiff seeks damages.

The Defendant SCDC is an agency of the State of South Carolina. As such, it is not necessary for the defendant to file an answer. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1] <u>See</u> <u>Alden v. Maine</u>, 527 U.S. 706, 713, 144

---

[1]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."



L. Ed. 2d 636, 119 S. Ct. 2240 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55-56, 116 S. Ct.  1114, 134 L.Ed.2d 252 (1996); Principality of Monaco v. Mississippi, 292 U.S. 313, 322-323, 54 S. Ct. 745, 78 L.Ed. 1282 (1934);  Blatchford v. Native Village of Noatak and Circle Village, 501 U.S. 775, 111 S. Ct. 2578, 115 L.Ed.2d 686 (1991); see also Federal Maritime Commission v. South Carolina State Ports Authority, et. al., 535 U.S. 743, 743, 122 S. Ct 1864, 152 L.Ed.2d 962 (2002) (state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State). Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, i.e., protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived its immunity[2] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity.  When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states  provided by the Eleventh Amendment.  Consequently, a claim

---

[2]The State of South Carolina has not consented to suit in a federal court.  See S.C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

PJG

brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person' may be sued by another where a deprivation of constitutional rights can be shown. In the case of <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state. Therefore, while it is unnecessary to consider whether the State of South Carolina has consented to be sued in federal court under § 1983, it is noted, as pointed out above, that they have not consented to suit in a federal forum.

Since the defendant named in the above-captioned case may not be sued in a federal court, it is not necessary to make a recommendation regarding the remaining issues.

**RECOMMENDATION**

Accordingly, it is recommended that this matter be dismissed *without prejudice* and without issuance and service of process. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972)*;* <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), replacing unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979)*;* <u>Todd v. Baskerville</u>, 712 F.2d at 74 (4th Cir. 1983); 28 U.S.C.

PJG

§ 1915(e)(2)(B); and 28 U.S.C. § 1915A (the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 22, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).