IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeremy Allen Hewitt, | ) | C/A No. 0:09-1516-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections; | ) | |
| Ms. Huggins, Head Nurse; Dr. Fulmer, | ) | |
| Dentist; Ms. Weaver, Dental Assistant; | ) | |
| Gregory Knowlin, Warden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jeremy Allen Hewitt, a self-represented state prisoner, filed this action pursuant to

42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on

the plaintiff's motion to compel (Docket Entry 59) which seeks to enforce the requirements of 28

U.S.C. § 1915(b) through reimbursement of excessive payments and injunctive relief.

In his motion, Hewitt asks the court to reconsider its previous orders with regard to this issue.

Hewitt now "resubmits this matter [in] light of new evidence and supporting documentation" and

attaches a print-out of his prisoner trust account statement. (Docket Entry 59 at 1; Account

Statement, Docket Entry 59-1 at 2.) Hewitt alleges that SCDC is violating § 1915 by debiting his

account in excess of the percentages provided by statute. Hewitt's account statement reveals that

on August 4, 2009 Hewitt received a money order for $250.00 that was deposited into his account

resulting in an account balance of $250.00. The next day, $240.00 was debited from his account for

a payment to the district court, leaving Hewitt with a balance of $10.00. Similarly, on August 25,

2009 Hewitt received a money order for $15.00, bringing his account balance to $15.00, of which

$5.00 was debited the next day for payment to the district court and again leaving him with an account balance of $10.00. Hewitt argues that SCDC's actions violated § 1915(b)(2) and states that, despite his repeated notifications to SCDC regarding this issue, SCDC has not refunded his money. He argues that SCDC's actions are "interfering with [his] constitutional right to access to the courts" by deterring him from filing additional actions and moves for the court to order SCDC to stop this practice and for penalties and fines be taken from SCDC. Hewitt also moves to amend his Complaint to add this claim.

In response to Hewitt's motion, the defendants concede that, upon investigation, Hewitt's account has been incorrectly debited. Martha Roof, the Head of Financial Accounting for SCDC, attests that "[t]he accounting software used by the Department of Corrections has been discovered to improperly debit the accounts of inmates who have matters pending in the Federal District Court." (Roof Aff., Docket Entry 65-1 at 1.) Roof further avers that SCDC is correcting this problem. (Id.) The defendants suggest that Hewitt may be made whole by the return of his overpayments and that if the court returns the overpayments, SCDC will credit that amount to Hewitt's account.

Despite the defendants' concession that they debited Hewitt's account at an improper rate, the court cannot determine from Hewitt's submissions the amount of overpayment as of the date of this order. It is therefore

**ORDERED** that Hewitt may present additional documentation on this issue no later than August 15, 2010, and the respondents shall have until August 30, 2010 to respond if they so elect. It is further

**ORDERED** that, to the extent that Hewitt seeks to amend his Complaint to add this issue as a claim, such request is denied. It is further



**RECOMMENDED** that in light of the court's order on Hewitt's motion and Roof's affidavit, Hewitt's request for injunctive relief against SCDC and the defendants should be denied as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 30, 2010
Columbia, South Carolina

_The parties' attention is directed to the important notice on the next page._

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).