# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeremy Allen Hewitt, | ) | C/A No. 0:09-1516-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections; | ) | |
| Ms. Huggins, Head Nurse; Dr. Fulmer, | ) | |
| Dentist; Ms. Weaver, Dental Assistant; | ) | |
| Gregory Knowlin, Warden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jeremy Allen Hewitt, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the parties' cross motions for summary judgment. (ECF Nos. 61 & 73.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Hewitt was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 62.) Hewitt filed a response in opposition. (ECF No. 68.) Additionally, the defendants filed a response in opposition to Hewitt's motion for summary judgment. (ECF No. 76.) Also pending before the court is Hewitt's motion to compel (ECF No. 59) which seeks to enforce the requirements of 28 U.S.C. § 1915(b) through reimbursement of allegedly excessive payments. Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted and Hewitt's motions denied.

## BACKGROUND

Hewitt filed this action alleging that while in the custody of the South Carolina Department of Corrections ("SCDC") he was denied proper dental care, including cleanings and fillings, for over three years.[1] (Am. Compl., ECF No. 19-3 at 3.) He further alleges that, as a result, he now has "deep stains" on his teeth, which cause him to feel "less self-confident and more conservative in showing [his] teeth when [he] smiles," and that he has two cavities that need to be filled. (Id.) He seeks compensation for damages. (Id. at 5.) In response to Hewitt's claims, the defendants have submitted Hewitt's dental health records and medical summary.

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

---

[1] Hewitt's Amended Complaint and attachments also appear to address a claim pertaining to the denial of magazines. (See generally Am. Compl., ECF Nos. 19 & 19-1.) In response to the defendants' motion for summary judgment, Hewitt clarifies that he is not seeking relief for this claim in this action, (ECF No. 68 at 1), as this claim is the subject of another pending case. See C/A No. 0:09-1515-RMG-PJG.



facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## B.     Exhaustion of Administrative Remedies

The defendants argue that they are entitled to summary judgment because Hewitt has failed to exhaust his administrative remedies with regard to his dental claims. (ECF No. 61-1 at 4.) A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

PJG

excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Hewitt's Complaint indicates that he did not file a grievance concerning his dental claims and that a final agency decision had not been received. (Am. Compl., ECF No. 19-3 at 2.) However, Hewitt later submits additional attachments to his response in opposition to the defendants' motion for summary judgment in which he provides a copy of a Step 1 grievance dated October 15, 2006. (ECF No. 72-1.) Although Hewitt's handwriting on the document is illegible, it appears based on the inmate grievance coordinator's response that the grievance does pertain to Hewitt's dental issues or requests. It also appears that, based on Hewitt's cover letter, that he was unaware until receiving this copy through discovery that the grievance

PJG

matter had been closed.  (ECF No. 72.)  The record before the court does not indicate that Hewitt filed any other grievances on this issue.

In response to the defendants' motion, Hewitt does not appear to dispute that he did not exhaust his administrative remedies with regard to his dental care claim.  Rather, Hewitt argues that administrative remedies were not "readily available" and therefore he was not required to exhaust his remedies.  However, Hewitt provides no support for this conclusory allegation other than his assertion that he was unaware that his Step 1 grievance had been answered.  Further, no evidence has been presented suggesting that the defendants prevented him in any manner from filing grievances.  Cf. Hill v. Haynes, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010) (unpublished).  Therefore, the court finds that Hewitt's claim has not been properly exhausted pursuant to 42 U.S.C. § 1997e(a) and should therefore be dismissed.

## C.    Deliberate Indifference

Even if Hewitt had properly exhausted his administrative remedies with regard to his dental care claim, the defendants would be entitled to summary judgment.  To the extent that Hewitt alleges that the defendants were deliberately indifferent to his dental needs, he fails to demonstrate a deprivation of any constitutional right.  Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eighth Amendment to the United States Constitution.  See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976).  To establish a claim under the Eighth Amendment, an inmate must establish two requirements:  (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To satisfy the second prong, an inmate must show that the prison official's state

of mind was "deliberate indifference" to the inmate's health and safety.  Id.  A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk.  Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Estelle, 429 U.S. at 105.  To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983.  See Estelle, 429 U.S. at 106.  While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice.  Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation."  Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Hewitt has failed to show that the defendants were deliberately indifferent to his dental needs from January 19, 2006 until March 10, 2009.  Hewitt's medical records indicate that he received dental care on October 9, 2008, March 10, 2009, July 16, 2009, and October 7, 2009.  (ECF No. 61-2 & ECF No. 61-3 at 2-7.)  These documents also indicate that Hewitt missed scheduled dental

appointments on February 7, 2006, December 16, 2008, January 23, 2009, February 25, 2009, and April 16, 2009. (Id.) Although Hewitt has submitted evidence in the form of requests to staff and letters to prison officials regarding not receiving dental cleanings, this preventative procedure does not constitute a serious medical need. See Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) ("A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' ") (quoting Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.1987)). Further, although Hewitt alleges that the delay in receiving dental care resulted in two cavities, Hewitt has not provided any evidence supporting this assertion. Moreover, even accepting this assertion as true, Hewitt cannot demonstrate that the delay caused him to "suffer a life-long handicap or permanent loss." Id. Finally, to the extent that Hewitt's claim rests upon his allegation that the defendants violated SCDC policy by failing to give him a dental examination within the first three months of being placed in SCDC custody and failing to give him a dental cleaning once per year, violations of prison policies in and of themselves generally do not rise to the level of a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (rejecting the argument that violations of prison policies rise to the level of a constitutional violation under § 1983). Accordingly, no reasonable jury could find that the defendants were deliberately indifferent to Hewitt's dental needs.

**D.**     **Qualified Immunity**

Additionally, the defendants are entitled to qualified immunity.  Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").  To resolve a qualified immunity defense, the court must determine, in whichever order is appropriate in the case presented, (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether the right was clearly established at the time of the alleged misconduct.  Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009).  Because Hewitt has failed to establish that he was deprived of a constitutional right, the defendants are entitled to qualified immunity.

**E.**     **Hewitt's Motion to Compel**

Hewitt filed a "motion to compel" in which he alleged that SCDC violated 28 U.S.C. § 1915 by debiting his account in excess of the percentages provided by statute.  (ECF No. 59.)  Hewitt also alleged that, despite his repeated notifications to SCDC regarding this issue, SCDC has not refunded his money.  The defendants suggested that Hewitt may be made whole by the return of his overpayments and that if the court returns the overpayments, SCDC will credit that amount to Hewitt's account.  (ECF No. 65-1 at 2.)  Because the court was unable to determine from Hewitt's submissions the amount of overpayment that was due to Hewitt, it issued an order allowing Hewitt to present additional documentation on the issue.  (ECF No. 83.)  Hewitt submitted a response

stating that he is seeking a refund of his money as well as interest and damages.  (ECF No. 86.) Hewitt's filings do not dispute that he filed the cases for which he was charged or that he is responsible for paying the filing fees associated with those cases to the district court.  However, the documentation that Hewitt provides does not allow the court to determine how much money, if any, would still be owed to Hewitt if SCDC had followed the statutory provisions of 28 U.S.C. § 1915 and correctly debited Hewitt's account beginning in August 2009.  Thus, Hewitt's motion must be denied.

## ORDER

Based on the forgoing, it is hereby

**ORDERED** that Hewitt's motion to compel (ECF No. 59) is denied.

## RECOMMENDATION

For the reasons stated herein, the court recommends that the defendants' motion for summary judgment (ECF No. 61) be granted and that the plaintiff's motion for summary judgment (ECF No. 73) be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 22, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).