IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy Allen Hewitt, ) | |
| ) | C/A No. 0:09-1516-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| South Carolina Department of Corrections; ) | |
| Ms. Huggins, Head Nurse; Dr. Fulmer, ) | |
| Dentist, Ms. Weaver, Dental Assistant; ) | |
| Gregory Knowlin, Warden, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of filing of the complaint, Plaintiff Jeremy Allen Hewitt was an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 on June 10, 2009, alleging that SCDC denied him adequate dental care in violation of his constitutional rights. Plaintiff amended his complaint on July 29, 2009 to include individual Defendants Huggins, Fuller, Weaver, and Knowlin.

On March 15, 2010, Plaintiff filed a motion to compel and for injunctive relief. ECF No. 59. Defendants filed a response to Plaintiff's motion on March 31, 2010. Defendants SCDC, Huggins, Fulmer, Weaver, and Knowlin filed a motion for summary judgment on March 23, 2010. ECF No. 61. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on April 6, 2010. In addition, Plaintiff filed a motion for summary judgment on June 21, 2010. ECF No. 73. Defendants filed a response in opposition on June 24, 2010, to which Plaintiff filed a reply on July 1, 2010. In accordance with

28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., these matters were referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation.

A.  Report and Recommendation filed August 2, 2010

In his motion to compel and for injunctive relief, Plaintiff contends that SCDC improperly debited his account in violation of 28 U.S.C. § 1915(b). Plaintiff seeks to enforce the requirements of § 1915(b) through reimbursement of allegedly excessive payments. Plaintiff further seeks an order from the court "demanding that SCDC stop these unjust acts." ECF No. 59, 2. On March 31, 2010, SCDC filed an affidavit of Martha Roof, head of financial accounting for SCDC. ECF No. 65-1. Roof informed the court that SCDC had discovered its accounting software improperly debited the accounts of inmates who have matters pending before the federal district court. Roof stated that the problem was being corrected and that if the district court were to return the money, SCDC would credit it to Plaintiff's account. Id.

On August 2, 2010, the Magistrate Judge issued a Report and Recommendation in which she recommended, among other things, that Plaintiff provide documentation as to the amount of overpayment and that his motion for injunctive relief be denied as moot in light of Roof's affidavit and the Magistrate Judge's order. On August 11, 2010, Plaintiff filed a reply to the Report and Recommendation. In his reply, Plaintiff stated that he "does not feel that simply refunding his money would correct this problem, as the money was taken over a year ago and was not refunded even after being notified of the violation of federal law." ECF No. 86, 1. Plaintiff contended that SCDC should pay him interest on the monies that it improperly debited from his account. Id. Plaintiff did not object, however, to the Magistrate Judge's determination that Plaintiff's request for injunctive relief is moot.

B. <u>Report and Recommendation filed October 25, 2010</u>

On October 25, 2010, the Magistrate Judge filed a Report and Recommendation in which she recommended that Plaintiff's motion for summary judgment be denied and Defendants' motion for summary judgment be granted on the grounds that Plaintiff had failed to exhaust his administrative remedies with regard to his dental claims as required by 42 U.S.C. § 1997e(a).

With respect to Plaintiff's March 15, 2010 motion to compel, the Magistrate Judge noted that Plaintiff did not dispute that he filed the cases for which his inmate account was debited, or that he was responsible for paying the filing fees associated with those cases in district court. The Magistrate Judge further noted that Plaintiff had provided no documentation that allows the court to determine how much money, if any, Plaintiff would still owe had SCDC correctly debited Plaintiff's account. Accordingly, the Magistrate Judge denied Plaintiff's motion to compel. Plaintiff filed no response to the Report and Recommendation.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record and concurs with the Magistrate Judge's recommendations. The Report and Recommendations are incorporated herein. Plaintiff's motion for injunctive relief (ECF No. 59) is **denied as moot**. Defendants' motion for summary judgment (ECF No. 61) is **granted** on the grounds that Plaintiff has failed to exhaust his administrative remedies. Plaintiff's motion for summary judgment (ECF No. 73) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

January 18, 2011.